**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| EDWARD S. McLARNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 15-11799-FDS |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY, as Trustee for HarborView ) | |
| Mortgage Loan Trust Mortgage Loan Pass- ) | |
| Through Certificates, Series 2007-5, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON**
**MOTION TO DISMISS**

**SAYLOR, J.**

This action arises from a mortgage foreclosure.  Plaintiff Edward S. McLarnon, acting

*pro se*, contends that defendant wrongfully foreclosed on his property after a series of fraudulent

activities.

The eighteen-page complaint is rambling and difficult to follow.  It appears to allege that

Deutsche Bank National Trust Company, as Trustee for Harborview Mortgage Loan Trust

Mortgage Loan Pass-Through Certificates, Series 2007-5 ("Deutsche Bank"), wrongfully

foreclosed on plaintiff's home and evicted him.  More specifically, the complaint alleges that the

foreclosure was based on a fraudulent mortgage assignment, that Deutsche Bank lacked standing

to foreclose, that plaintiff was treated unfairly during the foreclosure process, and that defendant

is engaged in a conspiracy.  The complaint seeks compensatory and punitive damages,

declaratory relief, and injunctive relief.

Defendant Deutsche Bank has moved to dismiss the complaint pursuant Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and has also moved for a permanent injunction to prevent McLarnon from filing any further lawsuits related to the foreclosure proceedings on the property.  McLarnon has moved for summary judgment and to remand the case to the Massachusetts Land Court.  For the reasons set forth below, defendant's motions will be granted in part and denied in part, and McLarnon's motions will be denied.

## I.   **Background**

The following facts are presented as stated in the complaint and in documents that are uncontested or referred to in the complaint.

In 2007, Edward S. McLarnon obtained a loan and granted a mortgage on a property at 49 Hanover Street in Malden, Massachusetts ("the property"), to Mortgage Electronic Registration Systems, Inc. ("MERS").  On August 1, 2008, McLarnon defaulted under the terms of the mortgage.  On May 14, 2009, MERS assigned the mortgage to Deutsche Bank.  On January 25, 2011, Deutsche Bank exercised the statutory power of sale in the mortgage and foreclosed on the property.  It recorded a foreclosure deed on October 19, 2012, which granted the bank title to the property.

On February 19, 2013, Deutsche Bank served McLarnon with a notice to quit the property.  On March 4, 2013, after McLarnon did not leave, the bank initiated an eviction proceeding by summary process in the Malden District Court.  Following a bench trial on August 22, 2013, the Malden District Court entered a judgment of possession in favor of Deutsche Bank and awarded it damages of $10,500.  McLarnon filed various motions for reconsideration and post-judgment relief, all of which the court denied.  On April 14, 2014, the court issued an

execution in favor of Deutsche Bank.  McLarnon then filed an unsuccessful motion to stay in

Middlesex Superior Court.  On May 16, 2014, McLarnon was evicted.

Meanwhile, on November 7, 2013, McLarnon filed an action *pro se* in this Court against

Deutsche Bank and its lawyers; the Malden District Court; the Middlesex Superior Court;

Justices Inge, Tuttman, Johnson, and Yee; court clerks Burns, Jane Doe, and John Does 1

through 3; and the Commonwealth of Massachusetts.  The complaint alleged that Deutsche

Bank, its employees, and its attorneys wrongfully foreclosed on his home and evicted him; that

during the foreclosure and eviction proceedings, the judges and court staff did not allow him to

present evidence, file motions, or make a statement on the record; and that the Commonwealth is

liable for the actions of the judges and court staff.

Defendants moved to dismiss the complaint, and this Court granted that motion on

February 25, 2014.  McLarnon filed various motions, including one for reconsideration, all of

which were denied.  On May 12, 2014, he filed a notice of appeal to the First Circuit.  On

January 21, 2015, the First Circuit dismissed the appeal as to all parties except Ablitt Law

Offices, P.C., as to which court stayed the proceedings, in light of that party's ongoing

bankruptcy litigation.  The bankruptcy litigation remains ongoing, and the appeal against Ablitt

Law Offices, P.C. remains stayed.

On July 7, 2014, McLarnon again filed an action *pro se* in Middlesex Superior Court.

On August 5, 2014, the case was removed to this Court under federal question jurisdiction.  On

August 12, 2014, defendants Deutsche Bank, Ocwen, Hinshaw & Culbertson, Doble, Fabella,

and McKelvey filed a motion to dismiss.  On August 20, 2014, defendant MERS joined that

motion.  On September 20, 2014, defendants Kiser, Benway, and Marinosci Law Group also

joined that motion.  On October 17, 2014, the Court granted the motion to dismiss.  On October

27, 2014, McLarnon filed a notice of appeal to the First Circuit.  That appeal remains pending.

On February 5, 2015, McLarnon filed the present action *pro se* in the Massachusetts Land

Court against defendant Deutsche Bank.  On April 7, 2015, McLarnon filed an "Amended

Complaint to Try Clouded Title."  The complaint alleges, among other things, that Deutsche

Bank was involved in a fraudulent mortgage assignment, perpetrated a fraud against the courts

by forging a signature on a USPS return receipt, abused the foreclosure process by failing to give

proper notice of the auction and eviction proceedings, lacked standing to foreclose, and benefited

from an alleged conspiracy with the courts.

On May 7, 2015, Deutsche Bank removed the case to this Court, alleging diversity

jurisdiction.  On May 19, 2015, Deutsche Bank moved to dismiss on the ground that the

complaint is barred by the doctrine of issue preclusion, and moved for a permanent injunction to

enjoin McLarnon from filing additional lawsuits related to the foreclosure proceedings on the

property.  On May 29, 2015, McLarnon filed a motion to strike the notice of removal and a

motion to remand to the Massachusetts Land Court.  On June 10, 2015, McLarnon filed a motion

for summary judgment.

## II.     Motion to Strike Notice of Removal and Motion to Remand

McLarnon contends that the case should be remanded to the Massachusetts Land Court

because "Land Court jurisdiction . . . is mandatory regarding Registered Land Rules", and

because the complaint does not raise a federal question.  (Pl.'s Mot. to Strike Def.'s Notice of

Removal and Mot. to Remand 2).  However, this case is properly before the Court on the basis of

diversity jurisdiction, pursuant to 28 U.S.C. §1332.  While it may be true that the Massachusetts

Land Court has "exclusive original jurisdiction" over "actions to try title to real estate" among

the state courts, "where the requisite diversity of citizenship and amount in controversy are present, a state statute cannot defeat federal jurisdiction." Mass. Gen. Laws ch. 185 § 1; *Larace v. Wells Fargo Bank, N.A.*, 972 F. Supp. 2d 147, 151 (D. Mass. 2013) (quoting *Monogram Indus., Inc. v. Zellen*, 467 F. Supp. 122, 123 (D. Mass. 1979)).

Diversity jurisdiction requires "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008); *see Gabriel v. Preble*, 396 F.3d 10, 13 (1st Cir. 2005). McLarnon is a citizen of Massachusetts. Deutsche Bank has its principal office in California, as stated in its charter. Therefore, as a national banking association organized under the laws of the United States, Deutsche Bank is a citizen of California for diversity purposes. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Accordingly, there is complete diversity of citizenship of the parties.

Diversity jurisdiction also requires that the amount in controversy be at least $75,000. The party seeking to invoke federal jurisdiction bears the burden of establishing subject-matter jurisdiction. *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009). Defendant therefore bears the burden to show that the amount in controversy is satisfied.[1]

Defendant contends that the amount in controversy can be determined by reference to either the face value of the original loan or the current value of the subject property. (Def.'s Notice of Removal 3). The First Circuit has noted that "[n]umerous [district] courts have held that, where a complaint seeks to invalidate a loan secured by a deed of trust, the amount in controversy is the loan amount." *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st

---

[1] The complaint does not specify an amount in controversy. In addition to requests for various equitable remedies, plaintiff seeks "treble compensatory damages <u>as yet to be calculated</u>" for items damaged in the eviction process, "treble damages regarding costs associated with moving [plaintiff's] belongings back into his home," "treble damages plus interest for thirteen months of mortgage payments," and "punitive compensation for the vindictiveness demonstrated . . . causing intentional infliction of emotional distress." (Pl.'s Am. Compl. to Try Clouded Title 17-18) (emphasis in original). Those damages alone could plausibly satisfy the amount in controversy.

Cir. 2012); *see Larace*, 972 F. Supp. 2d at 151 ("It is reasonable to designate the amount in controversy as the value of the mortgage, since Plaintiffs' petition does not specify a damage amount and Defendants' mortgage interest would be extinguished if Plaintiffs were ultimately successful.").  Although the court in *McKenna* did not explicitly approve the "face-value-of-the-loan rule" (noting that because the amount in controversy in that case could be satisfied by reference to any of the tests proposed by the parties, the court found it "wiser to reserve the question of which test this circuit would approve"), this Court agrees with the various district courts that have applied it as a valid test.  *See McKenna*, 693 F.3d at 212.  Here, defendant plausibly alleges that the value of the mortgage was $257,000.  That alone is sufficient to meet the amount-in-controversy requirement.

In the alternative, defendant contends that the amount in controversy can be measured by the market value of the property.  It is well-established that in an action to try title, the "value of the property in question would as a matter of law be included in determining the amount in controversy."  *Groves v. Rogers*, 547 F.2d 898, 900 (5th Cir. 1977); *see Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973); *Peterson et al. v. Sucro*, 93 F.2d 878 (4th Cir. 1938).  In the notice of removal, defendant plausibly alleges that the market value of the property is greater than $75,000.  Furthermore, in the opposition to plaintiff's motion to remand, defendant alleges that the market value of the property "at the time of the most recently obtained appraisal was $260,000."  (Def.'s Opp. to Pl.'s Mot. to Strike Def.'s Notice of Removal and Mot. to Remand 6).  Accordingly, the amount-in-controversy requirement is satisfied under both the face-value-of-the-loan test and the market-value test.

Because there is complete diversity of the parties and the amount in controversy required is satisfied pursuant to 28 U.S.C § 1332, this Court has subject-matter jurisdiction.[2]  Therefore, plaintiff's motion to remand is denied.

## III.   Motion to Dismiss

### A.   Standard of Review

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

A document filed by a *pro se* party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S.

---

[2] The complaint appears to refer to a prior action, "initiated by defendant in state court—without a diversity claim," and alleges that as a result, defendant "waived diversity concerning foreclosure." (Pl.'s Mot. to Strike Def.'s Notice of Removal and Mot. to Remand 2).  Whether or not that is an accurate statement, there has been no such waiver in the present case.

97, 106 (1976)) (internal quotation marks omitted).  *See also* Fed. R. Civ. P. 8(e) ("Pleadings

must be construed so as to do justice.").

### B.      Analysis

Defendant contends that the prior judgments in state and federal court prevent plaintiff

from re-litigating his claims under the doctrine of claim preclusion, also known as res judicata.

"Under Massachusetts principles of claim preclusion, a final judgment in one action generally

precludes the plaintiff from bringing another action against the same defendant if the second

action arises out of the same transaction or occurrence as the prior action."  *Hermes Automation*

*Technology, Inc. v. Hyundai Electronics Industr.*, 915 F.2d 739, 750 (1st Cir. 1990).  "Once there

has been an adjudication on the merits, federal law stipulates that all claims which are 'part of

the same cause of action' are extinguished, whether or not actually asserted in the original

action."  *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1164-65 (1st Cir. 1991).  The

preclusive effect of a state-court judgment is governed by state law, and the preclusive effect of a

federal-court judgment is governed by federal law.  *See Cohen v. Shea*, 788 F. Supp. 66 (D.

Mass. 1992).  However, the conditions for application of the doctrine are essentially the same.

There must be "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality

between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality

between the parties in the two suits."  *In re Iannochino*, 242 F.3d 36, 43 (1st Cir. 2001) (quoting

*Mass. Sch. of Law, Inc. v. American Bar Ass'n*, 142 F.3d 26, 37 (1st Cir. 1998)); *see Kobrin v.*

*Bd. of Registration in Med.*, 444 Mass. 837, 843 (2005).

First, the judgment of the Malden District Court was a complete adjudication of Deutsche

Bank's claim for possession and clearly is a final judgment on the merits.  Moreover, "dismissal

for failure to state a claim is a judgment on the merits."  *Andrews-Clarke v. Lucent Technologies,*

*Inc.*, 157 F. Supp. 2d 93, 99-100 (D. Mass. 2001) (quoting 2 James Wm. Moore, Moore's Federal Practice, § 12.34[6][a] (3d ed.1997)); *see AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 30 (1st Cir. 2005).  The preclusive effect will not apply only if the decision expressly grants a plaintiff the right to bring a second action. *Andrews-Clarke*, 157 F. Supp. 2d at 100.  The dismissals of plaintiff's prior federal suits therefore also satisfy the first requirement for claim preclusion.

Second, to determine whether the causes of action are sufficiently identical, both Massachusetts courts and federal courts apply a transactional approach.  *Iannochino*, 242 F.3d at 46; *see Anderson v. Phoenix Inv. Counsel of Boston, Inc.*, 387 Mass. 444, 449 (1982) (holding that claim preclusion bars "relitigation of issues that were or could have been raised in the original action"); *Baby Furniture Warehouse Store, Inc. v. Meubles D & F Ltee*, 75 Mass. App. Ct. 27, 34 (2009).  Thus, a claim that "grows out of the same transaction or set of related transactions as the previously decided claim" is treated as preclusive, even if there are slight changes to the claims or newly asserted legal theories.  *AVX Corp.*, 424 F.3d at 31; *see Andrews-Clarke*, 157 F. Supp. 2d at 102.  Here, plaintiff's claims again relate to foreclosure and eviction proceedings over the property at 49 Hanover Street, and the complaint seeks redress for "essentially the same basic wrong" in both suits.  *Kale*, 924 F.2d at 1166.  Accordingly, the second requirement is met.

Third, plaintiff has been a party to each state and federal case, as either a plaintiff or a defendant.  Defendant has likewise been a party.  *See Gonzalez v. Banco Central Corp.*, 27 F.3d 751, 757, 760 (1st Cir. 1994).  The third and final requirement is therefore met.

Accordingly, the motion to dismiss will be granted on the ground of claim preclusion.

III.     **Motion for Permanent Injunction**

Defendant has requested that the Court issue an order enjoining plaintiff from filing any

further pleadings in the United States District Court arising out of or related to the foreclosure

sale of his property.  A district court has the power to enjoin litigants who abuse the court system

by filing groundless and vexatious litigation.  *Elbery v. Louison*, 201 F.3d 427, 1999 WL

1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing *Cok v. Family Court of Rhode Island*,

985 F.2d 32, 34 (1st Cir. 1993)).  A court has the inherent power to manage its own proceedings

and to control the conduct of litigants who appear before it through orders or the issuance of

monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior.  *See Chambers v.*

*Nasco, Inc.*, 501 U.S. 32, 46–50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991);  *accord United States*

*v. Kouri–Perez*, 187 F.3d 1, 6–8 (1st Cir. 1999); *John's Insulation, Inc. v. L. Addison & Assocs.*,

156 F.3d 101, 109 (1st Cir. 1998) (district court did not abuse its discretion in ordering dismissal

of complaint and default judgment as a sanction for plaintiff's protracted delay and repeated

violation of court's order under inherent powers rather than Rule 41).

All of plaintiff's claims arise out of the foreclosure sale of the property and were the

subject of previous litigation in state court.  After a verdict in favor of defendant, plaintiff

continued to pursue those claims through various motions for reconsideration and post-judgment

relief; motions to stay the execution; an action in this Court (which was followed by motions for

reconsideration and post-judgment relief, and subsequently appealed to and dismissed by the

First Circuit); an action in the Middlesex Superior Court (which was removed to this Court and

also appealed to the First Circuit); and finally the present action (which was removed from the

Massachusetts Land Court).  Defendant contends that "[p]laintiff will not cease pursuing these

claims without a court order."  (Mem. in Supp. of Mot. to Dismiss and Permanent Inj. 17).

Plaintiff's assertion of repeated claims could constitute an abusive and vexatious litigation practice, potentially warranting the imposition of sanctions.

However, rather than taking the step of enjoining plaintiff at this stage, the Court will issue the following warning:  plaintiff Edward McLarnon is hereby warned that if he continues to file lawsuits arising out of or related to the foreclosure of the property at 49 Hanover Street, Malden, Massachusetts, he may be enjoined from filing any new or additional claims, cases, complaints, or other documents in this court, without first obtaining written approval from the Court.  Continuing to file such lawsuits may also result in other sanctions, including payment of attorneys' fees, expenses, and costs to the opposing party.

## IV.   Conclusion

For the reasons set forth above:

1. Plaintiff's motions to strike the notice of removal and to remand this case to the Land Court are DENIED.

2. Defendant's motion to dismiss is GRANTED.

3. Defendant's motion for a permanent injunction is DENIED without prejudice to its renewal under appropriate circumstances.

4. Plaintiff Edward McLarnon is hereby warned that if he continues to file lawsuits arising out of or related to the foreclosure of the property at 49 Hanover Street, Malden, Massachusetts, he may be enjoined from filing any new or additional claims, cases, complaints, or other documents in this court, without first obtaining written approval from the Court.  Continuing to file such lawsuits may also result in other sanctions, including payment of attorneys' fees, expenses, and costs to the opposing party.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Date:  July 10, 2015                              United States District Judge